UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MATTIE AMOS | CIVIL ACTION NO. 6:16-cv-01440 |
| VERSUS | JUDGE DOHERTY |
| BLUE CROSS BLUE SHIELD OF NEW MEXICO, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending before this court are five motions: (1) Motion to Dismiss (rec. doc. 32), filed by defendants Blue Cross and Blue Shield of South Carolina, Palmetto Government Benefits Administrators, LLC, Bonnie Castillo, Debbie Dickson, Ken Godbold, and Shawndra White; (2) Motion to Dismiss (rec. doc. 41), filed by defendant Health Care Service Corporation; (3) Motion to Dismiss (rec. doc. 42) filed by defendant Rocky Mountain Hospital and Medical Service, Inc.; (4) Motion to Amend Complaint (rec. doc. 39), filed by the plaintiff Mattie Amos; and (5) Motion for Entry of Default Judgment (rec. doc. 52), filed by the plaintiff Mattie Amos. These matters have been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set out below, it is recommended that the defendants' motions to dismiss be granted and that the plaintiff's motions be denied as moot.

1

## Background

On October 6, 2016, Plaintiff Mattie Amos filed a *pro se* and *in forma pauperis* complaint against fourteen defendants. Subsequently, the plaintiff filed a "Motion to Sever," which was granted. As a result, four defendants were dismissed and the remaining defendants are: Palmetto Government Benefits Administrators ("PGBA"), Blue Cross Blue Shield of Colorado ("BCBSC"), Blue Cross Blue Shield Administrators ("BCBSA"), Rocky Mountain Health Systems ("RMHS"), Trispan, Conrad & Associates, Shawndra White, Debbie Dixon, Bonnie Michalski, and Ken Godbold,

The plaintiff's complaint is difficult to comprehend as written, but the plaintiff's allegations are very familiar in the Western District of Louisiana as they are the subject of multiple previous lawsuits all of which have been dismisssed. The plaintiff was the owner of a home health care agency, P.D.C. Health Care Services, Inc. (" PDC") that offered services to patients receiving Medicare Part A benefits. The defendants are private insurance companies and their employees that were contracted by the U.S. Department of Health and Human Services to process Medicare reimbursement claims and act as "fiscal intermediaries" between Medicare and PDC. The plaintiff's complaint appears to make allegations that the defendants falsified records and fraudulently recouped millions of dollars from the plaintiff.

As the plaintiff's complaint acknowledges, this case has stretched over a decade.[1] The plaintiff has previously filed three *pro se* and *in forma pauperis* actions in the Western District of Louisiana that are based on these same allegations and against a number of the same defendants.

On April 30, 2001, the plaintiff filed a *pro se* and *in forma pauperis* complaint in the Shreveport Division.[2] On June 7, 2002, the plaintiff filed a *pro se* and *in forma pauperis* complaint in this division.[3] Subsequently, these two actions were consolidated. On November 6, 2002, Magistrate Judge Payne issued a Report and Recommendation that the plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because the claims asserted arise under the Medicare Act.[4] Judge Payne's Report and Recommendation also provided the plaintiff with notice of the administrative procedures that must be exhausted before the court would have subject matter jurisdiction. On December 3, 2002, Judge Walter adopted Magistrate Judge Payne's Report and Recommendation.[5] The Fifth Circuit Court of Appeals affirmed.[6]

---

[1] Rec. Doc. 1

[2] *See* 01-cv-00759 Rec. Doc. 1

[3] *See* 02-cv-01222 Rec. Doc. 1

[4] *See* 02-cv-01222 Rec. Doc. 52

[5] *See* 01-cv-00759 Rec. Doc. 58

[6] *See* 01-cv-0759 Rec. Doc. 60

Instead of following the administrative procedures, the plaintiff filed a new *pro se* and *in forma pauperis* complaint on September 29, 2003. The plaintiff's complaint contained the same basic allegations that certain Medicare intermediaries: (1) failed to approve Medicare Claims submitted by PDC and (2) falsely claimed that they made overpayments to PDC. This complaint also contains nine of the ten defendants named in the plaintiff's present complaint. On May 17. 2004, Judge Melancon adopted the Report and Recommendation from Magistrate Judge Methvin and the plaintiff's claims were dismissed.[7]

More specifically, in Judge Methvin's Report and Recommendation it was determined that the plaintiff's 2003 complaint was frivolous.[8] Judge Methvin reasoned that the plaintiff's 2003 complaint was an attempt to relitigate her previous claims without exhausting the appropriate administrative remedies. Therefore, Judge Methvin concluded that the Court still lacked subject matter jurisdiction and the plaintiff's claims should be dismissed.

Due to the plaintiff's continuous duplicative filings, Judge Methevin warned that "future filings of frivolous suits may result in sanctions, including an assessment of attorneys fees and costs against the plaintiff" and recommended that the court order

---

[7] *See* 03-cv-1815 Rec. Doc. 43.

[8] *See* 03-cv-1815 Rec. Doc. 41.

the plaintiff to obtain leave of court to file future cases. Judge Melancon followed the recommendation and issued an order that the plaintiff may not file future claims without first obtaining leave of court.⁹ The Fifth Circuit Court of Appeals affirmed.¹⁰

In response to the plaintiff's present complaint, the defendants have filed three separate motions to dismiss that are based on the same contentions. The defendants' main contention is that the plaintiff's complaint should be dismissed as frivolous because it is based on the same allegations that have previously been litigated and the court still lacks subject matter jurisdiction. The plaintiff did not file an opposition.

## Law and Analysis

### A. Plaintiff's Complaint is Frivolous

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.¹¹ A complaint is frivolous when it "lacks an arguable basis either in law or in fact."¹² A claim lacks an arguable basis in law when it is "based on an

---

⁹ *See* 03-cv-1815 Rec. Doc. 43.

¹⁰ *Amos v. Palmetto Government Benefit Administrator*, 122 Fed. Appx. 105 (5ᵗʰ Cir. 2005).

¹¹ See Green v, McKaskle, 788 F.2d 1116 (5ᵗʰ Cir. 1986).

¹² *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

indisputable meritless legal theory."[13] A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."[14]

An *in forma pauperis* complaint may also be dismissed as frivolous, when the complaint "seeks to relitigate claims that have already been litigated unsuccessfully."[15] Like the plaintiff's three previous actions that were litigated, the plaintiff's complaint contains the same basic allegations against a number of the same defendants. The plaintiff alleges that she was defrauded by the defendants when they falsified records, which led to recoupment of funds. Although the plaintiff's complaint is not identical to the previous complaints, it contains the same allegations that were previously determined to be frivolous and subsequently dismissed. For the same reasons stated in Judge Methevin's Report and Recommendation, the plaintiff's complaint should be dismissed as frivolous.

Furthermore, this Court still lacks subject matter jurisdiction because the plaintiff has not exhausted her administrative remedies. The plaintiff's complaint, like

---

[13] *Id.* at 327

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S., 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Wallace v. Rupert*, 644 Fed. Appx. 307 (5th Cir. 2016) citing *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

the plaintiff's previous actions, contains allegations regarding a Medicare reimbursement dispute. In the plaintiff's previous appeal, the Fifth Circuit Court of Appeals stated, " under 42 U.S.C. § 405, a party may file a lawsuit pertaining to a Medicare reimbursement dispute only after exhausting her administrative remedies."[16] When a plaintiff fails to proceed with the available administrative procedures under the Medicare Act, the Court is left without subject matter jurisdiction.[17] Therefore, this Court still lacks subject matter jurisdiction because the plaintiff has not followed the administrative procedures that were explained in her previous actions.

The plaintiff also violated a court order by filing the present complaint without obtaining leave of court. The plaintiff has repeatedly filed *in forma paurperis* complaints that are based on the same basic allegations. The plaintiff has been informed that the court lacks subject matter jurisdiction, but continues to file new complaints that contain the same allegations. The court previously warned the plaintiff that sanctions may be imposed if she filed a future frivolous suit. The court even issued an order requiring the plaintiff to obtain leave of court prior to filing future lawsuits. However, the plaintiff directly violated the court's order by filing the present complaint.

---

[16]*Amos v. Palmetto Government Benefit Administrator*, 122 Fed. Appx. 105, 111 (5th Cir. 2005).

[17] *Sebelius*, 691 F.3d at 653 (5th Cir. 2012).

The plaintiff is reminded that she must request leave of court before she files any future lawsuits in the Western District of Louisiana or she will be in violation of a court order. The plaintiff is warned that a violation of a court order can be the basis to dismiss the plaintiff's action with prejudice.[18] This Court also reiterates the previous warning that repeated frivolous filings will subject the plaintiff to appropriate sanctions. Specifically, a frivolous attempt to file the same claims against these same defendants in a new lawsuit will result in monetary sanctions against the plaintiff. Accordingly, this Court declines to sanction the plaintiff at this time, but finds that the plaintiff's complaint is frivolous and the court lacks subject matter jurisdiction.

**B. Plaintiff's Pending Motions**

The plaintiff has two pending motions before this Court: (1) "Request for Leave to File Petition Against Blue Cross Blue Shield of New Mexico, et al." and (2) "Resubmission of Motion for Default Judgment." However, this Court lacks subject matter jurisdiction and can only deny the motions as moot. The Fifth Circuit Court of Appeals has established that absent subject matter jurisdiction, a federal district court can take no action whatsoever.[19] However, once it is established that the court

---

[18] Fed. R. Civ. P. 41(b)

[19] Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 217 (5th Cir. 1998) (quoting Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868), )rev'd by Ruhrgas AG v. Marathon Oil Co.,

lacks subject-matter jurisdiction, a district court does not err in denying any remaining pending motions as moot.[20] Therefore, this Court recommends that the plaintiff's motions should be denied as moot.

**Conclusion**

Based on the foregoing reasons, it is recommended that the defendants' motion to dismiss (rec. doc. 32, 41, and 42) should be **granted** and the plaintiff's complaint should be **dismissed without prejudice**. Furthermore, the plaintiff's motion to amend (rec. doc. 39) and motion for default judgment (rec. doc. 52) should be **denied as moot**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

---

119 S.Ct. 1563, 1567 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry."). See, also, e.g., Heaton v. Monogram Credit Card Bank of Georgia, 231 F.3d 994,1000 (5th Cir. 2000) (lacking subject-matter jurisdiction, the court could not grant a motion for voluntary dismissal with prejudice); Williams v. Liberty Mutual Ins. Co., No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005) (holding that the court could not rule on a motion for change of venue or a motion for default judgment because it lacked subject-matter jurisdiction).

[20] Bacani v. Dep't of Veterans Affairs, 216 F.3d 1080, 1080 (5th Cir. 2000) (per curiam) (unpublished).

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 4th day of August 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE